# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 51809-1-II |
| Respondent, | |
| v. | |
| ROSS WARNER KIDD, | UNPUBLISHED OPINION |
| Appellant. | |

MELNICK, J. — A jury convicted Ross Kidd of burglary in the second degree and other crimes.[1] Kidd argues that the trial court violated his right to present a defense and abused its discretion by excluding evidence which would have cast doubt on the State's evidence that he entered a building. Kidd also argues that the trial court erred by imposing unauthorized legal financial obligations (LFOs).

We affirm Kidd's conviction but remand for resentencing on LFOs.

## FACTS

One morning, a witness saw Kidd running across Lauren Butler-Thomas's property holding two weed eaters. The police eventually caught and detained Kidd.

---

[1] Because those crimes are not relevant to any issues on appeal, many of the facts underlying those matters are not discussed further.

They then examined a shed on Butler-Thomas's property where she stored the weed eaters. The police noticed the doors of the shed were open. A padlock hung on the hasp of one door.[2]

The State charged Kidd with burglary in the first degree[3] and other crimes related to events that occurred during Kidd's attempted escape. Kidd pled not guilty, and the case proceeded to trial.

Before trial, Kidd sought to introduce evidence that other people had access to the shed where Butler-Thomas stored the weed eaters and that the shed had been subject to numerous unwanted intrusions. Specifically, Kidd sought to introduce evidence that unauthorized people would break into the shed and sleep in it and that, as a result, Butler-Thomas stopped locking the shed because the padlock kept getting broken.

The State moved to exclude such evidence. The State argued that Kidd's proffered evidence was inadmissible "other suspects" evidence.

The court heard argument on whether to admit the evidence. The State argued that Kidd had failed to show a non-speculative connection between anyone else and the crime.

Kidd argued that this evidence was not "other suspects" evidence. He stated that he did not plan on using this evidence to blame someone else for the crime but rather wanted to use it to dispute the "entry" element of his burglary charge.

---

[2] Evidence showed that the key for the lock had been lost a few years prior. So when family members stored the weed eaters, they would simply hook the lock through the hasp on the door to make the shed appear locked.

[3] Because the jury found Kidd guilty of the lesser included charge of burglary in the second degree, we have omitted any evidence that would have supported the greater charge and any evidence that is not relevant to any issues on appeal.

The court granted the State's motion. The court ruled that the evidence constituted "other suspects" evidence and that Kidd failed to lay a sufficient foundation to admit it. The case proceeded to trial.

At trial, Kidd admitted to stealing the weed eaters. However, he disputed ever entering the shed. Rather, Kidd claimed that he took the weed eaters after seeing them leaning up against the outside of the shed.

The jury found Kidd not guilty of burglary in the first degree, but guilty of the inferior degree crime of burglary in the second degree; it also found Kidd guilty of unlawful possession of a controlled substance, obstructing a law enforcement official, and theft in the third degree.

The court sentenced Kidd to 60 months of confinement. The court imposed a criminal filing fee and deoxyribonucleic acid (DNA) database fee on Kidd, and it ordered that interest accrue on Kidd's LFOs until paid in full. The court found Kidd indigent. Kidd appeals.

ANALYSIS

I.    EXCLUSION OF EVIDENCE

Kidd argues that, because he did not proffer "other suspects" evidence, the trial court erred in excluding it. Kidd contends that the error violated his Sixth Amendment right to present a defense. We disagree.

Criminal defendants have a constitutional right to present a defense. U.S. CONST. amends. V, VI, XIV; WASH. CONST. art. I, §§ 3, 22; *Chambers v. Mississippi*, 410 U.S. 284, 294, 93 S. Ct. 1038, 35 L. Ed. 2d 297 (1973). However, "[t]his right is not absolute." *State v. Arredondo*, 188 Wn.2d 244, 265, 394 P.3d 348 (2017). It "does not extend to irrelevant or inadmissible evidence." *State v. Wade*, 186 Wn. App. 749, 764, 346 P.3d 838 (2015). "The accused does not have an unfettered right to offer testimony that is incompetent, privileged, or otherwise inadmissible under

standard rules of evidence." *Taylor v. Illinois*, 484 U.S. 400, 410, 108 S. Ct. 646, 98 L. Ed. 2d 798 (1988). The defendant's right to present a defense is subject to "established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence." *Chambers*, 410 U.S. at 302; *State v. Cayetano-Jaimes*, 190 Wn. App. 286, 296, 359 P.3d 919 (2015).

When reviewing evidentiary errors potentially implicating constitutional rights, we first look to see if the trial court abused its discretion in the excluding evidence. *State v. Arndt*, ___Wn.2d___, 453 P.3d 696, 703 (2019); *State v. Blair*, 3 Wn. App. 2d 343, 351, 415 P.3d 1232 (2018). We then review de novo whether the evidentiary ruling violated the defendant's right to present a defense. *Arndt*, 453 P.3d at 703.

A trial court abuses its discretion when its "decision is manifestly unreasonable, or is exercised on untenable grounds, or for untenable reasons." *State v. Blackwell*, 120 Wn.2d 822, 830, 845 P.2d 1017 (1993). "A decision is based 'on untenable grounds' or made 'for untenable reasons' if it . . . was reached by applying the wrong legal standard." *State v. Rohrich*, 149 Wn.2d 647, 654, 71 P.3d 638 (2003) (quoting *State v. Rundquist*, 79 Wn. App. 786, 793, 905 P.2d 922 (1995)).

"Washington law places limits on the ability of a criminal defendant to blame another person for the crime." *State v. Hawkins*, 157 Wn. App. 739, 751, 238 P.3d 1226 (2010). This type of evidence is referred to as "other suspects" evidence. "In the classic other suspects case, the defendant blames the specific crime for which he has been charged on someone else." *Hawkins*, 157 Wn. App. at 751.

When a defendant offers "other suspects" evidence, he or she must lay a specific foundation. "Before such testimony can be received, there must be such proof of connection with

the crime, such a train of facts or circumstances as tend clearly to point out someone besides the accused as the guilty party." *State v. Downs*, 168 Wn. 664, 667, 13 P.2d 1 (1932). "Other suspect evidence that establishes only . . . suspicion is inadmissible." *State v. Franklin*, 180 Wn.2d 371, 380, 325 P.3d 159 (2014).

However, "[w]hen the State's case is entirely circumstantial, the *Downs* rule is relaxed to an extent to allow a reply in kind: the 'defendant may neutralize or overcome such evidence by presenting sufficient evidence of the same character tending to identify some other person as the perpetrator of the crime.'" *State v. Hilton*, 164 Wn. App. 81, 99, 261 P.3d 683 (2011) (quoting *State v. Clark*, 78 Wn. App. 471, 479, 898 P.2d 854 (1995)).

We conclude that Kidd's proffered evidence was "other suspects" evidence. Kidd wanted to use the evidence to argue that somebody else entered the shed, took the weed eaters from inside it, and placed them outside the shed. Thus, he intended to argue that someone else committed a burglary. He argued that he took the weed eaters from outside of the shed, and his proffered evidence would have supported his theory.

Accordingly, the trial court applied the correct legal standard and did not abuse its discretion in excluding the evidence based on Kidd's failure to lay a sufficient foundation. The court's ruling excluding the evidence did not violate Kidd's right to present a defense.

II.    LFOs

Kidd argues, and the State agrees, that because of the 2018 amendments to the LFO statutes, we should strike the criminal filing fee, DNA database fee, and interest accrual provision that the trial court imposed on him.

We remand for the trial court to reconsider the imposition of LFOs. On remand, the trial court should consider all of the LFOs in light of the 2018 amendments to the LFO provisions, Laws of 2018, ch. 269, and *State v. Ramirez*, 191 Wn.2d 732, 426 P.3d 714 (2018).

We affirm Kidd's convictions but remand for resentencing on LFOs.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

 

Melnick, J.

We concur:

Maxa, C.J.

Glasgow, J.